IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


RAY MAIRS,                                                                                    PLAINTIFF


vs.                                             Civil No. 6:25-cv-06114


FRANK BISIGNANO,                                                                      DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

Ray Mairs ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 6.) Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background

Plaintiff filed his disability application on August 23, 2023. (Tr. 32.)[1] In his application, Plaintiff alleged being disabled due to arthritis, a back injury, and muscle spasms. (Tr. 217.)

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 7. These references are to the page number of the transcript itself not the ECF page number.

Plaintiff alleged an onset date of August 27, 2022. (Tr. 32.) Plaintiff's application was denied initially on October 20, 2023, and again upon reconsideration on March 4, 2024. *Id*.

Plaintiff requested an administrative hearing on his denied application, and this request was granted. (Tr. 32.) An Administrative Law Judge ("ALJ") conducted the hearing on October 17, 2024. (Tr. 54-70.) At this hearing, Plaintiff was present and represented by Randolph Baltz. Plaintiff and Vocational Expert ("VE"), Dr. Kola Brown, both testified at the hearing. *Id*.

On November 12, 2024, the ALJ entered an unfavorable decision. (Tr. 32-47.) In this decision, the ALJ determined Plaintiff meets the insured status requirements of the Act through December 31, 2027. (Tr. 34, Finding 1.) The ALJ also determined Plaintiff has not engaged in any substantial gainful activity since August 27, 2022. (Tr. 34, Finding 2.) The ALJ found Plaintiff has the severe impairments of degenerative disc disease, degenerative joint disease of the left knee, degenerative joint disease of the left shoulder, obesity, and major depressive disorder. (Tr. 34, Finding 3.) Despite being severe, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 37, Finding 4.)

The ALJ then determined Plaintiff has the Residual Functional Capacity ("RFC") to perform light exertion work with the exception of

> occasional overhead reaching; occasionally climbing stairs; no climbing ladders or scaffolds; occasionally kneel, crouch, or crawl; no exposure to heights or hazards like moving machinery; understand, remember, and carry out detailed but not complex instructions; and, occasionally adapt to changes in a routine work setting.

(Tr. 41, Finding 5.) The ALJ also determined Plaintiff is unable to perform any Past Relevant Work ("PRW"). (Tr. 44, Finding 6.) Additionally, the ALJ determined that transferability of job skills is not material to the determination of disability because Plaintiff is not disabled. (Tr. 45,

Finding 9.)  Finally, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as sales attendant with approximately 137,000 jobs in the nation, a marker with approximately 165,000 jobs in the nation, and cafeteria attendant with approximately 26,000 jobs in the nation.  (Tr. 45-46, Finding 10.)  Based upon this finding, the ALJ determined Plaintiff had not been disabled at any time from August 27, 2022, through the date of the decision.  (Tr. 46, Finding 11).

On October 30, 2025, Plaintiff filed the present appeal.  (ECF No. 3.)  Both parties have field appeal briefs.  (ECF Nos. 10, 12.)  This case is now ready for decision.

## 2.  **Applicable Law**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome.  *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  Therefore, "if after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision."  *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of their RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

### 3. __Discussion__

In his appeal brief, Plaintiff raised the following arguments: (1) the ALJ erred in establishing proper restrictions in the RFC, (2) the ALJ erred in evaluating the agency physicians' opinions, and (3) the ALJ erred in his RFC explanation.  (ECF No. 10.)  Defendant argues substantial evidence supports the ALJ's RFC findings and the ALJ properly considered relevant medical opinions.  (ECF No. 12.)

### A. __RFC Determination__

Plaintiff asserts the ALJ erred in determining his RFC by failing to include pace-based limitations, specifically limitations surrounding Plaintiff's ability to perform tasks at an appropriate and consistent pace or in a timely manner.  (ECF No. 10, pp. 3-7.)  Plaintiff further asserts that because the ALJ found Plaintiff compromised in working due to pace-based limitations, that failure to include explicit pace-based limitations in the RFC was an error. Defendant asserts the ALJ did not err because he noted the limitations in "paragraph B" criteria are not an RFC assessment but rather used to rate the severity of mental impairments in steps two and three.  (ECF No. 12, pg. 5.)

The Eighth Circuit has established that "paragraph B" criteria and RFC findings serve distinct purposes at the "separate steps of the sequential evaluation process."  *See West-Viotay v. Saul*, 829 Fed.Appx 149, 149-50 (8th Cir. 2020) (unpublished per curiam); Social Security Ruling 96-8p, 1996 WL 374184, at *4 (Soc. Sec. Admin. July 2, 1996).

Here, the ALJ clearly established that steps 2 and 3 use the "paragraph B" criteria to determine the severity of mental impairments, and that this is distinct from the RFC assessment at steps 4 and 5.  (Tr. 41.)  The ALJ further explained that "paragraph B" findings themselves are not

an RFC assessment. Accordingly, the Court finds no error in the ALJ's use of "paragraph B" criteria.

### B. State Agency Determinations

Plaintiff also asserts the ALJ erred by failing to provide an explanation for why the established RFC included (1) standing and walking up to 6 hours of an 8-hour day instead of 2 hours or less and (2) ability to lift and carry up to 20 pounds instead of 10 pounds or less. (ECF No. 10, pp. 15-18.) Specifically, Plaintiff alleges the ALJ erred by failing to include the opinions of Dr. Takach and Dr. Ballard. (ECF No. 10, pp. 16-17.) Defendant argues the ALJ did consider the opinions of Dr. Takach and Dr. Ballard and found them unpersuasive. (ECF No. 12, pp. 5-7.)

As set forth above, the Eighth Circuit has long established that this Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole and if substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002); *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v.*

6

*Barnhart*, 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox*, 160 F.3d at 1206.  The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis.  *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996).  "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms."  *Id.*

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Here, the ALJ determined the "objective medical evidence does not support such limitations to the extent alleged" and determined Plaintiff's "symptoms are not entirely consistent with the medical evidence and other evidence in the record."  (Tr. 42.)  The ALJ considered the state medical examiners' records and determined them to be "unpersuasive" and "inconsistent with and unsupported by the medical evidence."  (Tr. 44.)  While Dr. Takach and Dr. Ballard did include in their findings that Plaintiff could lift 10 pounds and stand and/or walk for 2 hours, these findings were found to be unpersuasive because the ALJ based the RFC on more updated medical records and noted that the state agency findings were "based on information contained in the record at the time."  (Tr. 44, 75-76, 82-84.)

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. The mere fact Plaintiff suffered from several impairments does not demonstrate he had more limitations than those found in the RFC assessment.

## C. **RFC Reasoning**

Plaintiff also asserts the ALJ erred by not explaining his reasoning in developing the RFC. (ECF No. 10, pp. 15-18.) Specifically, Plaintiff asserts that

> when formulating an RFC, the ALJ must (1) include a narrative discussion of how the evidence supports each conclusion and cite specific medical facts and non-medical evidence; and (2) assess the individual's ability to perform sustained work activities in a work setting on a regular and continuing basis. SSR 96-8p.

(ECF No. 10, p. 16.) In response, Defendant points to numerous instances where the ALJ identified various medical opinions that he used in determining the RFC. (ECF No. 12, pp. 3-4.)

Although Plaintiff claims the ALJ failed to explain the RFC decision, the ALJ included a detailed discussion of the evidence that he used to determine his RFC decision. This included Plaintiff's testimony; an examination in August 2022 by Misty Hartwick, a nurse practitioner at Baptist Health; numerous examinations by Dr. Kenneth Rosenzweig at Orthopaedic Spine & Sports; an October 2023 examination by Dr. Michael Mullins at HealthStar Physicians; multiple lumbar spine MRI scans; a left knee MRI scan; a left knee scope with partial medial and lateral meniscectomy, chondroplasty, and limited synovectomy; multiple examinations post-knee scope; a left shoulder MRI scan; and, although rejected due to unpersuasiveness, records from state medical examiners. (Tr. 42, 72-78, 80-86, 292-294, 300-310, 371-373, 374-386, 389-407, 408-455, 456-458.)

Accordingly, the Court finds the ALJ based his decision on substantial evidence and demonstrated how it is supported by a preponderance of the medical and other evidence during the relevant period.

### 4. Conclusion

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of June 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE

9